```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :       CRIMINAL ACTION
                                :
          v.                    :
                                :
HERMINIO GALINDEZ               :       NO. 06-667-2
```

MEMORANDUM

Bartle, C.J.                                        October 15, 2009

       Before the court is the motion of defendant Herminio Galindez for "reconsideration of sentence," which is, in effect, a motion for a new trial based on newly discovered evidence.

       Galindez was previously found guilty by a jury on April 20, 2007 of:  conspiracy to possess, with the intent to distribute, five or more grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; possession, with the intent to distribute, five or more grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); and aiding and abetting the possession, with the intent to distribute, five or more grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2.  He was sentenced to 262 months' incarceration on September 7, 2007.  The Court of Appeals affirmed his conviction. See U.S. v. Galindez, 323 Fed. Appx. 122 (2009).

       Galindez contends that after the jury began deliberations, he obtained an affidavit from his co-defendant,

Jose Del Valle, which absolved him of the crime.[1]  The affidavit, which Galindez attaches, explains that Del Valle brought Galindez with him on the day of the arrest under false pretenses and that Galindez was ignorant of the drug transaction.  Del Valle avers that he told Galindez that they were going to "check out a vehicle that I was looking to buy" and that Galindez did not know that drugs were under the seat of the car.  Galindez contends that this affidavit was "maliciously hidden from the court and jury as it would have gave [sic] sufficient reasonable doubt to the jury that petitioner did not know what was going on concerning the offenses he has been charged and found guilty of."

Under Rule 33(b)(1) of the Federal Rules of Criminal Procedure, a defendant has three years from the verdict to make a motion for a new trial based on the acquisition of newly discovered evidence.  His motion is timely.  To win a new trial on the basis of newly discovered evidence, however, a defendant must meet these requirements:  (1) the evidence must be newly discovered, that is, discovered since the trial; (2) the defendant must have been diligent in discovering the new facts; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material to the issues involved; and (5) the evidence must be such that, in a new trial, it would probably

---

1.  Jose Del Valle was charged in the same indictment with identical crimes as Galindez.  Del Valle and Galindez were tried together.  Del Valle was also found guilty by the jury on April 20, 2007 and sentenced to life imprisonment, as statutorily mandated by 21 U.S.C. § 841(b)(1)(A) based on his two prior felony drug convictions.

produce an acquittal.  See United States v. Iannelli, 528 F.2d 1290, 1292 (3d Cir. 1976); United States v Adams, 759 F.2d 1099, 1108 (3d Cir. 1985).

Galindez cannot meet this burden because Del Valle's affidavit would not produce an acquittal in a new trial.  First, even assuming that Del Valle's affidavit is authentic and freely and voluntarily provided, it would be inadmissible as hearsay.  See Fed. R. Evid. §§ 801, 802.  Galindez has produced no evidence that Del Valle would be willing to testify and thus subject himself to cross-examination and to expose himself to possible prosecution for perjury if he was not telling the truth.  Del Valle, we note, did not testify at the original trial.

Second, even if Del Valle were to testify consistent with his affidavit, there is no indication that such testimony would be likely to produce an acquittal.  Del Valle's affidavit goes against the overwhelming weight of the evidence, including police observations of Galindez's handling of the drugs and Galindez's own statement that, "You got me with 24 kilos, what else is there to say?"  In short, the Del Valle affidavit fails to meet the Rule 33 burden and does not warrant the granting of a new trial.